**NOT FOR PUBLICATION**

FILED



APR 11 2018

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

ADAM MICHAEL HORSTMAN,

Plaintiff-Appellee,

v.

CITY OF HILLSBORO, a municipal
corporation,

Defendant,

and

DAVID BONN; et al.,

Defendants-Appellants.

No.   16-35986

D.C. No. 3:15-cv-00203-PK

MEMORANDUM[*]

Appeal from the United States District Court
for the District of Oregon
Anna J. Brown, District Judge, Presiding

Argued and Submitted March 5, 2018
Portland, Oregon

---

[*]   This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

Before: N.R. SMITH and HURWITZ, Circuit Judges, and CURIEL,[**] District Judge.

Appellants David Bonn, Brian Wilber, and Ted Schrader ("Individual Defendants") appeal the district court's order adopting the magistrate judge's report and recommendation denying their motion for summary judgment seeking qualified immunity in this 42 U.S.C. § 1983 action. We have jurisdiction over this appeal under 28 U.S.C. § 1291, and we reverse.

1. A public official is entitled to qualified immunity unless: (1) "the facts alleged, taken in the light most favorable to the party asserting the injury, show that the official's conduct violated a constitutional right" and (2) the right at issue "was clearly established 'in light of the specific context of the case'" at the time of the alleged misconduct. *Clairmont v. Sound Mental Health*, 632 F.3d 1091, 1100 (9th Cir. 2011) (citation omitted). In the context of an unlawful arrest, "the two prongs of the qualified immunity analysis can be summarized as: (1) whether there was probable cause for the arrest; and (2) whether it is *reasonably arguable* that there was probable cause for arrest—that is, whether reasonable officers could disagree as to the legality of the arrest such that the arresting officer is entitled to

[**] The Honorable Gonzalo P. Curiel, United States District Judge for the Southern District of California, sitting by designation.

qualified immunity." *Rosenbaum v. Washoe Cty.*, 663 F.3d 1071, 1076 (9th Cir. 2011).

2. Even assuming that the Individual Defendants lacked probable cause to arrest Horstman, the district court erred in concluding that they violated a clearly established constitutional right. A clearly established right is one that is "sufficiently clear that every reasonable official would have understood that what he is doing violates that right." *Reichle v. Howards*, 566 U.S. 658, 664 (2012) (internal marks omitted). The district court need not identify "a case directly on point, but existing precedent must have placed the statutory or constitutional question beyond debate." *Ashcroft v. al-Kidd*, 563 U.S. 731, 741 (2011). Qualified immunity is meant to protect "all but the plainly incompetent or those who knowingly violate the law." *Malley v. Briggs*, 475 U.S. 335, 341 (1986).

"The dispositive question is whether the violative nature of particular conduct is clearly established." *Mullenix v. Luna*, 136 S. Ct. 305, 308 (2015) (internal marks and emphasis omitted). In the context of a warrantless arrest, the established rule must resolve "whether the circumstances with which [the particular officer] was confronted . . . constitute[d] probable cause." *Id*. at 309 (internal marks omitted).

Plaintiff relies primarily on *Grant v. City of Long Beach*, 315 F.3d 1081 (9th

3

Cir. 2002) to argue that the officers violated clearly established constitutional law. Under the totality of the circumstances, reasonable officers, reviewing the facts of *Grant*, could have disagreed whether there was probable cause to arrest plaintiff. In this case, unlike *Grant*, there were eyewitness identifications by two percipient witnesses as well as similarities in dress and appearance between plaintiff and the robbery suspect which were captured on separate surveillance videos of the robber and the plaintiff. Neither *Grant*, nor any other case cited by plaintiff provided adequate notice to the officers that they were violating a clearly established constitutional right under the facts before them here. Moreover, the Supreme Court has recently cautioned against the "reli[ance] on a single decision" in determining whether a constitutional right was clearly established by "settled law." *See District of Columbia v. Wesby*, 138 S. Ct. 577, 591 (2018). After a review of the relevant case law, we cannot conclude that the Individual Defendants violated a clearly established constitutional right. The district court erred in denying qualified immunity to the Individual Defendants.

3. Defendant Bonn did not waive his qualified immunity argument as to the malicious prosecution claim.

**REVERSED AND REMANDED.**

4